```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                             :
LABQ CLINICAL DIAGNOSTICS, LLC, et al.,                      :
                                                             :
                               Petitioners,                  :
                                                             :
          -v-                                                :
                                                             :
OPTUMSERVE TECHNOLOGY SERVICES, INC.,                        :
                                                             :
                               Respondent.                   :
                                                             :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/13/2026

26-cv-01490 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

For the reasons stated on the record at the conference on April 13, 2026, Petitioners' motion to compel is DENIED without prejudice. Petitioners are granted leave to serve a renewed and narrowed subpoena on Respondent by email to counsel for Respondent.

Petitioners also move to seal exhibits designated by the Government as "Confidential" pursuant to a Protective Order in *United States v. LabQ Diagnostics*, Case No. 22-cv-10313 (S.D.N.Y. filed May 27, 2022). Dkt. No. 22. Petitioners do not independently assert that sealing is warranted. Dkt. No. 22 at 2. The Government has not responded to Petitioners' motion to seal.

There is a presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). "[B]road citations to [a] Protective Order do not satisfy *Lugosch* and are, in any event, insufficient to overcome the presumption of access as the 'mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure [is] reasonable.'" *Armouth Int'l, Inc. v. Fallas*, 2023 WL 2975154, at *1 (S.D.N.Y.

Mar. 31, 2023) (quoting *Tromblee v. New York*, 2022 WL 17266979, at *4 (N.D.N.Y. Nov. 29, 2022)); *see also Doe v. U.S. Imigr. & Customs Enf't*, 2021 WL 3862708, at *3 (S.D.N.Y. Aug. 30, 2021) ("[T]hat a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document."). As the Government has not provided any reason for the continued sealing of the exhibits and Petitioners only moved to seal pursuant to the Protective Order, Petitioners' letter motion to seal is denied.

The Clerk of Court is respectfully directed to unseal the exhibits at Dkt. No. 24 and to close Dkt. No. 22.

SO ORDERED.

Dated: April 13, 2026
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

2